IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICKIE R. LOGAN,  )
      Petitioner,  )
 )
vs.  )    Civil Action No. 15-1699
 )
JARROD CARUSO, et al.,  )
      Respondents.  )

MEMORANDUM OPINION

CONTI, Chief District Judge.

On December 28, 2015, petitioner Nickie R. Logan ("Petitioner"), filed a petition for writ of habeas corpus arising out of his conviction, at Nos. CP-02-CR-4829-2011, CP-02-CR-4530-2011 and CP-02-CR-6403-2011, on felony charges of fleeing or attempting to flee an officer, receiving stolen property, unauthorized use of a motor vehicle, theft by unlawful taking, and related misdemeanors and the sentence of eight to seventeen years of imprisonment, imposed by the Court of Common Pleas of Allegheny County, Pennsylvania on March 19, 2012. The charges arose out of the theft of three automobiles, two of which were stolen in January 2011, and one of which was stolen on or around March 31, 2011. On August 9, 2016, a United States Magistrate Judge filed a Report and Recommendation (ECF No. 25), recommending that the petition (ECF No. 6) be dismissed and that a certificate of appealability be denied.

Service of the Report and Recommendation ("R&R") was made on the parties, and the Petitioner filed objections ( ECF No. 26) on August 18, 2016. In addition, he filed a second motion for appointment of counsel and an investigator (ECF No. 27), having filed a previous motion on February 9, 2016 (ECF No. 13).

In his objections, Petitioner contends that the magistrate judge in the R&R committed error in the following respects: (1) the Pennsylvania Superior Court's statement that claims of prosecutorial error are not cognizable in state post-conviction collateral proceedings was accepted, even though one can easily find many decisions addressing those claims on the merits; (2) his claim of counsel ineffectiveness arising out of trial counsel's failure to investigate his defense that he was on house arrest (with an ankle bracelet) at the time the crimes allegedly occurred was not addressed; (3) his claim that Sgt. Zawischa observed him for 30-45 minutes on January 28, 2011 and failed to identify him as the person he was looking for 6-7 hours earlier was not addressed; (4) his requests for counsel and an investigator were overlooked; (5) his claim that counsel failed to object to jury instructions about the screwdrivers, jacket and gloves which were never introduced into evidence was overlooked or misapprehended; and (6) the state courts' erroneous act of sentencing him twice for the same offense was accepted.

Prosecutorial Misconduct Claim

In his first objection, Petitioner contends that in the R&R the magistrate judge erroneously relied upon the conclusion of the superior court that his prosecutorial misconduct claim could not be raised in a proceeding under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–46 (1988) ("PCRA"). He argues that the superior court erred because claims of prosecutorial misconduct are frequently raised and decided through PCRA proceedings.

Petitioner argues that the contention that prosecutorial misconduct is not cognizable in a PCRA proceeding is not an "independent and adequate" state law ground. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (when a state prisoner has defaulted his claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice or

demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice). A state law ground is "adequate" when it is "firmly established and regularly followed." Ford v. Georgia, 498 U.S. 411, 424 (1991). As Petitioner observes, state and federal courts frequently address claims of prosecutorial misconduct on the merits. See Lambert v. Blackwell, 387 F.3d 210, 242-45 (3d Cir. 2004) (reviewing merits of prosecutorial misconduct claim raised in PCRA proceeding); Commonwealth v. Hutchinson, 25 A.3d 277, 309 (Pa. 2011) (same). Indeed, the superior court cited no authority in support of its statement that the claim was not cognizable.

However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citation omitted). This holding remains true even if the state procedural ruling is incorrect. Id. at 71-72.

> Thus, even if the Superior Court incorrectly deemed waived certain of Petitioner's ineffective assistance claims—a point Petitioner does not argue here—habeas relief would not be warranted, as it is "well established that a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007); see also id. (quoting Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)) ("Even assuming the state court failed to follow the law of Pennsylvania, in this federal habeas case, we are limited to deciding whether [the petitioner's] conviction and sentence 'violated the Constitution, laws, or treaties of the United States.' ").

Leake v. Dillman, 594 F. App'x 756, 759 (3d Cir. 2014).

Thus, Petitioner's claim that the superior court erred in finding his claim of prosecutorial misconduct not cognizable under the PCRA does not present an issue for this court to decide in a federal habeas corpus proceeding. On the other hand, the claim of prosecutorial misconduct itself remains to be addressed because the superior court's conclusion that it was not cognizable

3

under the PCRA is not an adequate state law ground. For the following reasons, the claim is unavailing.

The superior court held that the introduction of the jacket and the receipt into evidence did not affect the outcome of the trial, given the overwhelming amount of other evidence against Petitioner (Answer Ex. 23 at 13-15.)[1] Respondents contend that, applying this ruling to the claim about the prosecutor's alleged improper comments on this same evidence leads to the conclusion that the comments (even assuming they were improper) could not have affected the outcome of the trial given the overwhelming amount of evidence against Petitioner. Petitioner did not demonstrate that the superior court's conclusion about the introduction of these items into evidence is contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. This conclusion also applies to any allegations about the prosecutor's comments relating to these items (assuming such comments were improper), and therefore this claim does not entitle Petitioner to habeas corpus relief.

<u>Counsel Ineffectiveness Relating to Alibi Defense</u>

Petitioner contends that the magistate judge in the R&R erred by failing to address his claim that trial counsel was ineffective for failing to investigate an alibi defense based upon the fact that the auto thefts occurred at night when he was on house arrest and wore an ankle bracelet from 6:00 p.m. to 8:00 a.m. during the period of November 9, 2010 until January 26, 2011. Specifically, Petitioner argues that counsel was ineffective for not reviewing Criminal Complaint No. CP-02-CR-6403-2011, which charged him with car thefts that took place on the evening of

---

[1] ECF No. 23.

January 11, 2011, but the House Arrest Log Book and Electronic Ankle Bracelet Monitoring File would have shown that he was at home at the time these crimes allegedly occurred.

However, it was Petitioner who has overlooked this claim. When he raised the claim of his counsel's ineffectiveness for failing to investigate an alibi defense before the Pennsylvania Superior Court, his argument was that counsel failed to talk to his parole officer, who would have confirmed that, on the morning of January 28, 2011, he met with Petitioner, six to seven hours after the car theft, and Petitioner told the parole officer that he was at home at the time of the crime. (Answer Ex. 21 at 16.) The superior court addressed this claim, holding that it did not present an alibi defense because it did remove him from the scene of the crime so as to render it impossible for him to be the guilty party (and in addition, the parole officer's testimony about what Petitioner told him would have been impermissible hearsay). (Answer Ex. 23 at 13.) He never raised the claim that counsel failed to investigate an alibi defense relating to ankle monitoring bracelets and house arrest. Therefore, the claim is procedurally defaulted and he cannot raise the claim in this proceeding.

Counsel Ineffectiveness Regarding Parole Agent's Testimony

With respect to the claim relating to the parole agent, Petitioner argues that the magistrate judge in the R&R overlooked the fact that the state courts erroneously read the record; his claim was that on the morning of January 28, 2011, his parole agent called him in for questioning, where he was in the presence of Police Officer Zawischa for 30 to 45 minutes, but Officer Zawischa never identified him as the individual he was investigating a few hours before. As previously noted, the superior court held that the parole officer's testimony would not have presented an alibi defense, and Petitioner did not explain the significance Officer Zawischa's

5

failure to identify him when he was being questioned on January 28, 2011, much less counsel's ineffectiveness for not pursuing this claim.

### Jury Instructions

Petitioner contends that the magistrate judge in the R&R overlooked and misapprehended his entire argument that counsel was ineffective for failing to object to jury instructions as they related to items (screwdrivers, jacket and gloves) that were never introduced into evidence. He contends that "The Linguistic Barriers of the Statutes under 42 Pa. C.S. § 9543(a)(2), (i) and 28 U.S.C. § 2254(d)(1), (2), (e)(1) is a clear impediment for Mr. Logan trying to meet the disproportionately high standards as a Pro-Se litigant…." (ECF No. 26 at 16.) A review of the R&R and the opinions of the PCRA court and superior court reveal that the courts worked diligently to understand Petitioner's arguments. See, e.g., Answer Ex. 23 at 9 n. 18 (superior court noted that it would liberally construe his materials, but that pro se status confers no special benefit). As for the statutes he cites, it is not within the province of this court to remedy statutory "linguistic barriers," even if Petitioner was correct that they existed.

### Multiple Sentences

Petitioner contends that the magistrate judge in the R&R erred in determining that counsel was not ineffective for failing to challenge the imposition of multiple sentences for the same offense. As explained in the R&R, although information No. 6403 was awkwardly written in that it appeared to challenge auto thefts that were already the subject of two prior informations, the record was clear that he did not receive multiple punishments for the same offenses.

### Request for Counsel and an Investigator

Finally, Petitioner contends that the magistrate judge in the R&R never addressed his requests for counsel and an investigator. However, the appointment of counsel is not required in

habeas corpus proceedings. In considering a motion for the appointment of counsel, this court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) gives the court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. <u>Tabron v. Grace</u>, 6 F.3d 147, 157-58 (3d Cir. 1993). As a threshold matter the district court should consider whether the petitioner's claims have arguable merit in fact or law. <u>Parham v. Johnson</u>, 126 F.3d 454, 457 (3d Cir. 1997). <u>See</u> <u>Tabron</u>, 6 F.3d at 155. Given the fact that this court conclude that the claims are without arguable merit, there is no need to consider whether counsel should be appointed. Therefore, the motions will be dismissed as moot. An appropriate order will be entered.

Dated: September 28, 2016  /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States Chief District Judge

cc: Nickie R. Logan
LJ-7274
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112